

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

| | |
|---|---|
| *970 Broad Street, 7th floor* | *973-645-2700* |
| *Newark, New Jersey 07102* | *Fax 973-645-2702* |

January 29, 2019

**VIA ECF**

The Honorable Esther Salas
United States District Court
Martin Luther King, Dr. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    *Cantatore v. United States*, 18-cv-14293 (ES)

Dear Judge Salas:

    Petitioner Michelle Cantatore filed a petition for a writ of habeas corpus in the above-referenced action on September 26, 2018. ECF No. 1. The Court on October 1, 2018 ordered the government to answer the petition within 45 days. ECF No. 2.

    Counsel of record for the government at the time the petition was filed was former Assistant United States Attorney Thomas Eicher. AUSA Eicher, however, had previously left the U.S. Attorney's Office on September 7, 2018, and the case was not reassigned when the petition was filed. As a result, the government missed the deadline to respond to the petition, and the Clerk entered a text order for a default judgment on the docket on January 8, 2019.

    The U.S. Attorney's Office became aware of the oversight and reassigned the case around that time. The government deeply regrets the mistake and apologizes to the Court for the error.

    As soon as the undersigned AUSA was assigned to the case, the Government on January 16, 2019 sent a letter via email (but not on ECF) to the Court asking the Court to vacate the Clerk's entry of a default and to

1

permit the Government an additional 45 days to respond to the petition. On January 25, 2019, petitioner filed a request for an entry of default judgment. ECF No. 6.

As an initial matter, the Third Circuit has explained that "[e]ven if the Government . . . fail[s] to respond to [a] § 2255 motion, it does not follow that [the petitioner] is entitled to a default judgment." *In re West*, 591 Fed. Appx. 52, 54 n. 3 (3d Cir. 2015). "The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). This is so because "'[w]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer by hearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying than." *United States v. Dill*, 555 F. Supp. 2d 514, 521 (E.D. Pa. 2008) (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984)); *see also Atkins v. United States*, No. 88–5106, 1990 WL 126196, at *2 (D.N.J. Aug. 27, 1990); *United States v. Greenslade*, No. 04–405–05, 2009 WL 1507290, at *2 (M.D. Pa. May 28, 2009) ("[D]efault judgments are not appropriate in § 2255 motions.").

The Government is prepared to respond to the petition and respectfully requests until February 28, 2019 to do so. If acceptable to the Court, the government asks that the Court so-order this letter.

As the entry of a default judgment is inappropriate in the § 2255 context, and because the Government is prepared to respond to the petition, petitioner is not entitled to summary relief on her § 2255 motion, and her motion for such relief should be denied.

The government is available to discuss this matter with the Court if necessary.

**SO ORDERED.** Respondent's Answer is due on or before **February 28, 2019.** Petitioner's Motion for Default Judgment (D.E. No. 6) is DENIED and TERMINATED.

_____
**Hon. Esther Salas, U.S.D.J.**
**DATE: 2/5/19**

Respectfully submitted,

CRAIG CARPENITO
United States Attorney

_____
By: Jason S. Gould
Assistant U.S. Attorney

cc: Thomas Ashley, Esq.

2